Kellogg, <T.:
These statutes are intended not to- involve the claimant in such a mass, of uncertainty and technicality that seeking a remedy shall be worse than the injury and prove equally -unsatisfactory to him, but their plain object “was-to provide means by which a city Could better guard against the imposition of unfounded claims by being . at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than- ifXlonger post *611 poned.” (Sheehy v. City of New York, 160 N. Y. 139, 143.) Therefore, “ ‘ while in an action like this the statute must be substantially complied with or the plaintiff cannot recover, still where an effort to comply with it has been made, and the notice served, when reasonably construed, is such as to accomplish the object Of the statute, it should, we think, be regarded as sufficient.’ ” ( Walden v. City of Jamestown, 178 N. Y. 213, 217.) In this latter case notice was .required to be' served within forty-eight hours, and. a service within seventy-two hours was declared a substantial compliance where the plaintiff was in the meantime unable to transact business. In the Sheehy case the plaintiff was required to serve the corporation counsel with notice of her intention to commence the action. The notice did not refer to any action, but was entitled “In the Matter of the Claim of Agnes Sheehy against the Mayor, Aldermen and Commonalty of the City of Hew York,” and demanded damages for the claimant’s personal injury, and was signed by her, and it was held that the corporation counsel could not have supposed the notice idle and gratuitous, but must have understood that it was served under the statute and that it was a substantial compliance with the statute. Also that it was error to reject evidence that the corporation counsel so understood it. In the notice required by the charter for cities of the second class above referred .to, the claimant is to state the time, place, cause and so far as is “ then practicable ” the nature and extent of the injuries. The charter of the city does not use the words “ so far as is then practicable,” or any equivalent words, but a proper construction of the requirement must necessarily read some such words into the statute, as the law does not require impossibilities or unreasonable things, but every law is to have a sane and a reasonable construction. And if when a man is killed by the negligence of a city, or is injured by such negligence, the claimant states in good faith as fully and accurately as possible the details of the injury, nothing more would seem to be required, provided such statements give to the city the information' which the statute reasonably contemplates it should receive. The complaint in this case alleges that the notice described these particulars so far as the same could be reasonably stated. And to properly interpret that allegation we must remember that the injured party received by the accident a fatal injury and died the next day; that the administrator *612 was probably not present and that he could only gain his information by hearsay, or through others, and sometime after the accident. ¡Referring to the particulars in which the trial court considered the notice insufficient, viz., that it did not state the place nor the cause of the accident, a careful perusal of the- notice shows thé error in those respects. The notice states that at a point where the brickyard railroad switch crosses the highway (describing it) diagonally near the foot of the hill, there was a known, negligent, unsafe condition of the highway by reason of. the rails of said switch being elevated .above the roadbed, and that while the plaintiffs intestate, his son, was carefully driving on said highway with a loaded wagon, he approached that point in the highway where said switch crossed, and solely on account of the unsafe and dangerous condition .there, was thrown from the wagon and received the serious and fatal injuries stated. It is difficult to see what more definite information could be given. It states the particular crossing that was unsafe and dangerous, and why, and it shows that at that point the claimant, exercising due care, was thrown out of his wagon and injured by reason of the defective condition there. But if we consider the allegations in the notice somewhat indefinite and that they might have¡ been more particular in some respects, we are to remember the allegation of the complaint that the claimant has stated the particulars so far as the same could be reasonably stated:
The trial'court did not seem seriously to consider the suggestion that the notice was served upon the president of the common council and not upon the common council itself. The accident occurred August 1, 1903; letters testamentary were issued October nineteenth; the notice was served upon the president of the-common council October twenty-second; there was no meeting of the common council between October first and ¡November fifth, the date when the president delivered the notice to the common council at its first meeting. The plaintiff did not control the meetings of the common council and can lose no rights because they did not meet - sooner. The common council properly means the assemblage of the ’ different councilmen; not the individuals as they may be found upon the street. The service upon the president was a reasonable and ' fair compliance with the provisions of the statute, and the fact that the council received the notice at its first meeting after the plaintiff was *613 appointed administrator and was in a position to make the claim, is a substantial compliance within the Walden case. The judgment and order should, therefore, be reversed and a new trial granted, with costs to the plaintiff to abide the event.
All concurred.
Judgment and order reversed and new trial granted, with costs to appellant to abide event.